The opinion of the Court was delivered by
DargAN, Ch.
This Court concurs in the construction which the Chancellor, in his circuit decree, has given to the deed of Henry Moore, dated the 19th December, 1839.
It seems to me that nothing more is necessary or proper to *103 be said upon this occasion, than to show that the views of the Chancellor who tried the cause on the circuit, as expressed in his decree, are fully sustained by authority.
In Perry vs. Wood, 3 Ves. 204, the testator gave a legacy to A. for life, and after her death to her children; if she should leave none, to B. and C., share and share alike, or to the survivor. A. died without children. It was held to be a vested interest in B. and C., upon the death of the testator, as tenants in common.
In Sturgess vs. Pearson, 4 Madd. 411, the testator bequeathed as follows : “ I give the interest and dividends of one other fifth part thereof, to be paid to my daughter, Anne Tat-nall, during her natural life ; and after her decease, I give the same to be equally divided among her three children, or such of them as shall be living at her decease, the same to be paid to them at their age of twenty-one years.”
The children all died in the lifetime of the tenant for life. It was held, that they took vested interests, transmissible to their representatives; for the vested interests first given by the will were by the form of the expression only defeated, in case there should be some, or one, and not all, of the children living at the death of the tenant for life. That event did not happen: consequently, the vested interest was not defeated.
In Browne vs. Lord Kenyon, 3 Madd. 410, the testatrix gave ¿61000 in trust for several persons successively for life, and after the death of the survivor upon trust, to pay the principal to O. But if he was then dead (which event happened), then to his two brothers in equal shares, or the whole to the survivor. Both the brothers were living at the death of the testatrix, but died during the continuance of the life estates. It was decided, that they both took vested interests at the death of the testatrix, subject to be divested, if only one of them should survive the tenants for life.
In Harrison vs. Foreman, 5 Ves. 207, the testator bequeathed a certain fund to A., for life, and after her decease to *104 two other persons, in equal moieties, and in the event of either of them dying in the lifetime of A., then the whole to the survivor living at the decease of A. It was held, that they both took vested interests at the death of the testator, transmissible to their representatives. The vested estate given to the remainder-men, was only to be defeated on the condition that one should survive the other on the death of the tenant for life; an event that did not happen.
In Belk vs. Slack, 1 Keen, 218, the testator, William Belk, gave the residue of his real and personal estate to trustees, upon trust, to pay the interest and produce thereof to his mother, during her life; and after the death of his mother and daughter, he gave the same to his brother, George Belk, and his sister, Hannah Belk, to be equally divided between them, or to the survivor of them. George and Hannah Belk both died during the lifetime of the testator’s mother and daughter. And it was held, that the representatives of George and Hannah Belk were respectively entitled to the several moieties of the residue.
In Wagstaff vs. Crosby, 2 Colyer, 746, the testator bequeathed ¿61500 stock to trustees, in trust, for his daughter, for life, and after her decease for her children, but if she should leave no children, he directed his executors to stand possessed of the fund, in trust, to pay or transfer the same equally unto and between his three nephews and his niece, and the survivors or survivor of them, share and share alike. The nephews and niece survived the testator, but died in the lifetime of the daughter, who died without ever having had a child. It was adjudged, that the representatives of the nephews and niece were entitled in equal shares.
This case, mutatis mutandis, is the case now before this Court for adjudication. See also Maberly vs. Strode, 3 Ves. 455; Russell vs. Long, 4 Ves. 551.
It seems to this Court that the Chancellor has not only given *105 a rational and benignant construction to the deed in question, but one that is well sustained by authority. ■
It is ordered and decreed that the Circuit decree be affirmed, and the appeal dismissed.
Johnston, Dunkin, and Wardlaw, CC., concurred.

Decree affirmed.